NO. 07-00-0128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 11, 2000

_____

ROY DAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3196; HONORABLE JACK D. YOUNG, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

**ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Roy Day was convicted by a jury of the misdemeanor offense of theft by check and punishment was assessed at 180 days confinement in the Lamb County Jail. Proceeding on appeal *pro se*, appellant timely filed his notice of appeal. Both the clerk's record and reporter's record have been filed.

Appellant's brief was due to be filed on September 7, 2000. However, on that date, appellant filed his *pro se* "Motion for Continuance" claiming he is indigent and desires to have counsel appointed to represent him on appeal.

Therefore, we now abate and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute his appeal; and
2.  whether appellant is indigent and entitled to appointed counsel to represent him on appeal.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, October 27, 2000.

It is so ordered.

Per Curiam

Do not publish.